UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KAMIEO CAINES,

                              Plaintiff,

                -against-

SGT. PACHECO, ET AL.,

                              Defendants.

20-CV-0878 (CM)

ORDER DIRECTING UPDATED
PRISONER AUTHORIZATION

COLLEEN McMAHON, Chief United States District Judge:

        Plaintiff, currently incarcerated at Elmira Correctional Facility, brings this action *pro se*.

To proceed with a civil action in this Court, a prisoner must either pay $400.00 in fees – a

$350.00 filing fee plus a $50.00 administrative fee – or, to request permission to proceed without

prepayment of fees, submit a signed *in forma pauperis* (IFP) application and a prisoner

authorization. *See* 28 U.S.C. §§ 1914, 1915.[1]

        By order dated February 3, 2020, the Court directed Plaintiff, within 30 days, to either

pay the $400.00 in fees or complete and submit the prisoner authorization form (attached to that

order). On February 10, 2020, Plaintiff submitted an authorization regarding the filing fee but did

not use the Court's form or include all of the language from the Court's form. The Court

therefore extends the time for Plaintiff to submit the prisoner authorization form and directs

Plaintiff to do so within 30 days from the date of this order. The Court also attaches a copy of the

---

        [1] If the Court grants a prisoner's IFP application, the Prison Litigation Reform Act
requires the Court to collect the $350.00 filing fee in installments deducted from the prisoner's
account. See 28 U.S.C. § 1915(b)(1). A prisoner seeking to proceed in this Court without
prepayment of fees must therefore also authorize the Court to withdraw these payments from his
account by filing a "prisoner authorization," which directs the facility where the prisoner is
incarcerated to deduct the $350.00 filing fee from the prisoner's account in installments and to
send to this Court certified copies of the prisoner's account statements for the past six months.
*See* 28 U.S.C. § 1915(a)(2), (b).

Court's Prisoner Authorization form with this order. If Plaintiff submits the prisoner authorization, it should be labeled with docket number 20-CV-878 (CM).[2]

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. No summons shall issue at this time. If Plaintiff complies with this order, the case shall be processed in accordance with the procedures of the Clerk's Office. If Plaintiff fails to comply with this order within the time allowed, the action will be dismissed without prejudice to Plaintiff's refiling it.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:   February 12, 2020
         New York, New York

_____
        COLLEEN McMAHON
    Chief United States District Judge

---

[2] Plaintiff is cautioned that if a prisoner files an action that is dismissed as frivolous, malicious, or for failing to state a claim, the dismissal is a "strike" under 28 U.S.C. § 1915(g). A prisoner who receives three "strikes" cannot file actions *in forma pauperis* as a prisoner, unless he is under imminent danger of serious physical injury, and must pay the filing fee at the time of filing any new action.