UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  6/9/2021
```

KAMIEO CAINES,

                              Plaintiff,

        -against-

SGT. PACHECO, et al.,

                              Defendants.

No. 20 Civ. 878 (NSR)
OPINION & ORDER

NELSON S. ROMÁN, United States District Judge:

Plaintiff Kamieo Caines ("Plaintiff"), an inmate in New York State Department of Corrections and Community Supervision custody, brings this action pro se under 42 U.S.C. §1983 ("Section 1983") against Defendants—Sergeant ("Sgt.") Pacheco, and Corrections Officers ("C.O.s") Carlstrom, Mitchell, and Johnson[1]—for alleged violations of his Eighth Amendment right against cruel and unusual punishment. (ECF No. 2.) Currently before the Court is the Defendant's unopposed motion to dismiss. (ECF No. 36.) For the following reasons, the Court grants the motion and dismisses the complaint without prejudice.

## BACKGROUND

The facts herein are drawn from Plaintiff's Complaint (ECF No. 2) and are accepted as true for purposes of this motion. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 230 (2d Cir. 2016).

On July 6, 2019, Defendants Sgt. Pacheco and C.O.s Carlstrom, Mitchell, and Johnson ("Defendants") followed Plaintiff as he walked to his cell. While C.O.s Carlstrom, Mitchell, and

---

[1] The Complaint also names two John Doe Defendants; however, after being prompted by the Court to provide additional information on the John Does so that the New York Attorney General could identify them (ECF No. 22), Plaintiff indicated to Defendants he "was not accusing the 2 John Does" (*see* ECF No. 22). Accordingly, even though the Complaint was not amended, the Court deems any claims against the John Doe Defendants abandoned.

Johnson watched, Plaintiff and Sgt. Pacheco exchanged disrespectful words with each other inside his cell and then Sgt. Pacheco stepped out of the cell, continuing to verbally disagree, and then reached back into the cell and "stuffed" one to two fingers into Plaintiff's mouth, scratching his gums and drawing blood. Sgt. Pacheco then called Plaintiff a "faggot." Plaintiff informed Defendants of his scratched gums, but Defendants did not provide prompt medical care and instead walked away from the cell, ignoring his injury. Plaintiff asked for medical attention, but C.O. Carlstrom ignored his request, as did Nurse Jane Doe. Plaintiff did not receive medical attention until two days after the incident—on July 8, 2019— when he was being transferred from the facility.

Plaintiff filed a grievance on August 1, 2019. The Superintendent denied this grievance on August 27, 2019. Plaintiff then appealed the Superintendent's decision to the Central Office Review Committee ("CORC"). Plaintiff did not receive a response.

Plaintiff filed his pro se complaint on January 31, 2020. (ECF No. 2.) The Court granted Plaintiff's request to proceed in forma pauperis. (ECF No. 10.) On November 2, 2020, Defendants sought leave to file a motion to dismiss (ECF No. 25), which the court granted (ECF No. 28). Defendants' unopposed motion is now before the Court. (ECF No. 32, 35.)

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"), a court must determine whether a complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). The Court must take all material factual allegations as true and draw reasonable inferences in the non-moving party's favor, but the Court is "not bound to accept as true a legal conclusion couched as a factual allegation," or to credit "mere conclusory statements" or

"[t]hreadbare recitals of the elements of a cause of action." *Id.* (quoting *Twombly*, 550 U.S. at 555). A claim is facially plausible when the factual content pleaded allows a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* That said, a "well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable, and that a recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (internal quotation marks omitted).

A court must read a pro se complaint liberally, interpreting it "to raise the strongest arguments that [it] suggest[s]." *Harris v. City of New York*, 607 F.3d 18, 24 (2d Cir. 2010). A motion to dismiss a pro se complaint should only be granted if the complaint raises no plausible right to relief under any set of facts the plaintiff could plausibly prove. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, a court liberally construing a pro se complaint is not required to re-write or ignore the lack of an element essential to an entitlement to relief. *Geldzahler v. N.Y. Medical Coll.*, 663 F. Supp. 2d 379, 387 (S.D.N.Y. 2009). In other words, a pro se plaintiff's complaint must plausibly set out entitlement to relief with sufficient factual allegations. *Jackson v. N.Y.S. Dep't of Labor*, 709 F. Supp. 2d 218, 224 (S.D.N.Y. 2010).

Where a pro se plaintiff does not oppose a motion to dismiss, automatic dismissal is not appropriate because "the sufficiency of a complaint is a matter of law that the court is capable of determining based on its own reading of the pleading and knowledge of the law." *McCall v. Pataki*, 232 F.3d 321, 322-23 (2d Cir. 2000); *see Accurate Grading Quality Assur., Inc. v. Thorpe*, No. 12 Civ. 1343 (ALC), 2013 WL 1234836, at *5 (S.D.N.Y. Mar. 26, 2013) ("If a complaint is sufficient to state a claim on which relief can be granted on its face, the plaintiff's failure to respond to a Rule 12(b)(6) motion does not warrant dismissal."). As with all motions to dismiss, in

reviewing an unopposed motion, a court is to "assume the truth of a pleading's factual allegations and test only its legal sufficiency." *McCall*, 232 F.3d at 322.

## DISCUSSION

Plaintiff brings suit under 42 U.S.C. §1983 alleging infringement of his Eighth Amendment right against cruel and unusual punishment.  Section 1983 provides, in relevant part, that: "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State … subjects, or causes to be subjected, any citizen of the United States … to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983.  Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *Patterson v. County of Oneida*, 375 F.3d 206, 225 (2d Cir. 2004).

Liberally construed, Plaintiff alleges that while he was a convicted prisoner, (1) Sgt. Pacheco used excessive force against Plaintiff when he stuffed one to two fingers into Plaintiff's mouth, scratching his gums and drawing blood; (2) Sgt. Pacheco and C.O.s Carlstrom, Mitchell, and Johnson were deliberately indifferent when they did not provide Plaintiff with adequate medical care following the altercation; and (3) Sgt. Pacheco and C.O.s Carlstrom, Mitchell, and Johnson failed to protect Plaintiff from the alleged injuries and abuse.[2]  In sum and substance, Defendants aver that this matter must be dismissed because (1) Plaintiff did not exhaust his administrative remedies; and, (2) even if he did, he has failed to state a viable Eighth Amendment

---

[2] Plaintiff's complaint also invokes Equal Protection under the Fifth Amendment.  To the extent that Plaintiff is attempting to assert that by using the term "faggot," Sgt. Pacheco discriminated against Plaintiff on the basis of actual or perceived homosexuality, Plaintiff has failed to state an equal protection claim, which requires an allegation that he was treated differently than similarly situated individuals on the basis of a protected classification.  *See Washington v. Davis*, 426 U.S. 229, 244 (1976) (explaining that "the Due Process Clause of the Fifth Amendment contains an equal protection component prohibiting the Government from invidious discrimination," which applies when the purpose of classification is discrimination based on a protected characteristic.)

4

Claim where (A) the alleged force and injuries were *de minimis* and he does not allege that any Defendant acted with the required mental state; and (B) Plaintiff fails to allege that Defendants knew of and willfully ignored substantial risk of harm. The Court addresses the issues in turn.

I.      Exhaustion

Defendants first contend that this case should be dismissed because Plaintiff failed to exhaust his administrative remedies when he filed this lawsuit before receiving a response from the CORC.  The Court disagrees.

The Prison Litigation Reform Act requires that "[n]o action shall be brought with respect to prison conditions under section 1983… or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  A prisoner exhausts all administrative remedies when "he completes every required step of the grievance procedure [even if] the CORC… fails to respond within the 30-day time limit."  *Hayes v. Dahlke*, 976 F.3d 259, 270 (2d Cir. 2020).

Taking all factual allegations within Plaintiff's complaint as true, Plaintiff appealed the superintendent's denial of his grievance and the CORC did not respond to the appeal within the 30-day time limit.  While Plaintiff does not specify when he submitted his appeal to the CORC, his grievance was denied on August 27, 2019 and he did not file his complaint until January 31, 2020, nearly five months later.  (ECF No. 2.)  Because more than 30 days elapsed between the denial of the grievance and the date upon which Plaintiff filed his complaint, the Court assumes for purposes of this motion that Plaintiff exhausted all available administrative remedies even if the CORC did not respond to his appeal before he filed suit.[3]

---

[3] If it subsequently becomes clear that Plaintiff did not exhaust his administrative remedies, this case may be dismissed for failure to exhaust.

II.     Eighth Amendment Claims

The Constitution requires that prison officials "provide humane conditions of confinement" and "ensure that inmates receive adequate food, clothing, shelter, and medical care." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  Plaintiff's claims arise under the "the Cruel and Unusual Punishments Clause of the Eighth Amendment."  *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017).  To state a §1983 claim for excessive force, medical indifference, or failure to protect, a plaintiff must show that an individual "acted with deliberate indifference to the challenged conditions."  *Sanders v. City of New York*, No. 16 Civ. 7426 (PGG), 2018 WL 3117508, at *6 (S.D.N.Y. June 25, 2018).

The deliberate indifference standard is two-pronged.  First, a plaintiff "must [allege] that the conditions, either alone or in combination, pose an unreasonable risk of serious damage to his health."  *Darnell*, 849 F.3d at 30.  "There is no 'static test' to determine whether a deprivation is sufficiently serious; instead, 'the conditions themselves must be evaluated in light of contemporary standards of decency.'"  *Id.* at 29 (quoting *Blissett v. Coughlin*, 66 F.3d 531, 537 (2d Cir. 1995)).  Second, a plaintiff must plausibly allege that "each official" who engaged in the challenged conduct "had a 'sufficiently culpable state of mind' by acting 'maliciously and sadistically' thereby causing the 'unnecessary and wanton infliction of pain.'"  *Strange v. Westchester Cnty. Dep't of Corr.*, No. 17-CV-9968 (NSR), 2018 WL 3910829, at *2 (S.D.N.Y. Aug. 14, 2018) (quoting *Hudson v. McMillian*, 503 U.S. 1, 7-10 (1992)).

A.  Excessive Force Claim

Plaintiff alleges that Sgt. Pacheco used excessive force on him when Sgt. Pacheco "stuffed" one to two fingers into Plaintiff's mouth and scratched his gums.[4]  The Court agrees with Defendants that Plaintiff has failed to state an excessive force claim.

In the context of excessive force claims, the objective prong focuses on the harm done in light of "contemporary standards of decency," *Estelle*, 429 U.S. at 103, and asks whether the alleged violation is "sufficiently serious" to warrant Eighth Amendment Protections, *Blyden v. Mancusi*, 186 F.3d 252, 262 (2d Cir. 1999); *Davidson v. Flynn*, 32 F.3d 27, 29-30 (2d. Circ. 1994). "When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency are always violated." *Hudson*, 503 U.S. at 9.  "[A] *de minimis* use of force will rarely suffice to state a constitutional claim."  *Romano v. Howarth*, 998 F.2d 101, 105 (2d Cir. 1993).  Although not dispositive, "[t]he absence of serious injury is… relevant to the Eighth Amendment inquiry."  *Hudson*, 503 U.S. at 7.

Plaintiff's allegation that Sgt. Pacheco stuffed one to two fingers into his mouth is inadequate to state an excessive force claim as Plaintiff does not allege any lasting injury beyond a seemingly minor scratch on his gums.  *See Wright v. Goord*, 554 F.3d 255 (2d Cir. 1997) (holding that the grabbing of prisoner did not constitute excessive force); *see also Boddie v. Schnieder*, 105 F.3d 857, 862 (2d Cir. 1997) (holding that inmate's allegations that he was bumped, grabbed,

---

[4] Plaintiff further alleges verbal abuse when Sgt. Pacheco called Plaintiff a "faggot" after Sgt. Pacheco stuffed one to two fingers into Plaintiff's mouth.  To the extent that Plaintiff alleges that Sgt. Pacheco also violated Plaintiff's constitutional rights by verbally abusing him, including by using the term "faggot," verbally abusive conduct, without more, does not constitute a constitutional violation. *See, e.g., Ramos v. Artuz*, No. 00 CIV. 0149 9LTS), 2003 WL 342347, at *11 (S.D.N.Y. Feb. 14, 2003) ("[T]o the extent plaintiff alleges that the [prison doctor] verbally abused him or harassed him… these allegations fail to state a claim on which relief can be granted."); (*Johnson v. Bendhein*, No. 00 Civ. 720(JSR), 2001 WL 799569, at *6 (July 13, 2001)) ("Verbal harassment, without any accompanying injury, does not constitute a violation of any federally protected right and is not actionable under 42 U.S.C. §1983.")

elbowed, and pushed by corrections officers was insufficient).  As alleged, Plaintiff's injury falls short of *de minimis* harm.

The key inquiry of the subjective test, on the other hand, is "whether force was applied in a good faith effort to maintain or restore discipline," or whether there were ulterior motives driving the use of force.  *Id.*  The Eighth Amendment does not prohibit all uses of force that could be avoided or all malevolent touch that may seem unwarranted.  *Id.* at 9-10.  It proscribes punishment that is deemed torturous and barbarous, *id.* (citing *Estelle*, 429 U.S. at 102), or "repugnant to the conscience of mankind," *id.* (quoting *Whitley v. Albers*, 475 U.S. 312, 327 (1986)).

Even if Plaintiff had alleged that Sgt. Pacheco used more than *de minimis* force, he fails to allege that he acted with the requisite malicious or sadistic intent.  Accordingly, the Court must dismiss the excessive force claim against Sgt. Pacheco.

B.  Deliberate Indifference to Serious Medical Need

Plaintiff further alleges that Defendants failed to provide medical treatment from the time of the incident with Sgt. Pacheco until he received care nearly two days later.  Defendants aver that Plaintiff has failed to state a claim for deliberate indifference to any serious medical need.[5] The Court agrees with Defendants.

i.    Objective Prong

The objective prong of a deliberate indifference to serious medical need claim requires a "sufficiently serious" deprivation, meaning that the conditions alleged, "either alone or in combination, pose an unreasonable risk of serious damage to [the plaintiff's] health."  *Darnell*, 849 F.3d at 30, 32.  If the allegedly offending conduct "is a failure to provide any treatment for an

---

[5] To the extent that Plaintiff intended to bring claims against any medical personnel such as the Nurse Jane Doe mentioned in the Complaint, he has failed to name them as Defendants or allege sufficient facts to state a claim against them.

inmate's medical condition, courts examine whether the inmate's medical condition is sufficiently serious." *Salahuddin v. Goord*, 467 F.3d 263, 280 (2d Cir. 2006). If the allegedly offending conduct is delayed treatment, on the other hand, a court considers "the severity of the temporary deprivation alleged by the prisoner," not "the severity of the prisoner's underlying medical condition." *Smith v. Carpenter*, 316 F.3d 178, 186 (2d Cir. 2003). In other words, the court considers "how the offending conduct is inadequate and what harm, if any, the inadequacy has caused or will likely cause the prisoner." *Salahuddin*, 467 F.3d at 280. Harm is considered "sufficiently serious" if it could "produce death, degeneration, or extreme pain," *Hill v. Curcione*, 657 F3d. 116, 122 (2d Cir. 2011), or "the failure to treat [the] condition could result in further significant injury or the unnecessary and wanton infliction of pain," *Harrison v. Barkley*, 219 F.3d 132, 136 (2d Cir. 2000) (quoting *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998)).

Plaintiff has not alleged that the delay in treatment for his scratched gums resulted in sufficiently serious injury or deprivation. Because he does not allege that he suffered a serious harm as a result of Defendants' actions or inactions, Plaintiff at most alleges a mistaken decision not to treat, which is not cognizable. *Harrison*, 219 F.3d at 139. As such, Plaintiff does not meet the objective prong of the deliberate indifference to serious medical need analysis.

ii.     Subjective Prong

Even if Plaintiff's allegations were sufficient to meet the objective prong, his deliberate indifference claim would nonetheless fail because he has not alleged that any Defendant acted with the requisite state of mind. Negligence alone does not satisfy the standard. *Daniels v. Williams*, 474 U.S. 327, 332 (1986). Moreover, "a mistaken decision not to treat based on a bad diagnosis or erroneous view that the condition is benign or trivial" constitutes only malpractice, *Harrison* 219 F.3d at 139, and medical malpractice is insufficient to satisfy the mens rea prong of a deliberate

indifference claim, *Estelle*, 429 U.S. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.")

Plaintiff alleges that he told Defendants that he was injured directly following the event and subsequently asked C.O. Carlstrom and Nurse Jane Doe for medical attention.  He further contends that none of the Defendants took any steps to provide medical care but admits that he received care two days after the incident.  In order to meet the subjective prong, "a prison official or medical staff member must have been actually aware of a substantial risk that the inmate would suffer serious harm as a result of his or her actions or inactions."  *Silva v. Kilham*, No. 3:19-CV-1719 (VLB), 2020 WL 2404922, at *3 (D. Conn. May 12, 2020).  Plaintiff's allegations do not meet this standard where he has not provided any factual allegations regarding Defendants' subjective intent.  Accordingly, the deliberate indifference to serious medical need claim must be dismissed.

C.  Failure to Protect Claim

Finally, Plaintiff alleges that Defendants failed to protect him from injury and abuse. Defendants counter that Plaintiff has again failed to meet the deliberate indifference standard.  The Court agrees.  To state a failure to protect claim, a prisoner must satisfy two elements: (1) a prisoner objectively faced a sufficiently serious risk of harm, and (2) an officer deliberately failed to protect the prisoner from that harm.  *Farmer*, 511 U.S. at 828 (citations omitted).

In order to meet the objective prong on a failure to protect claim, Plaintiff must allege a substantial risk to his safety actually existed.  *Baines v. City of N.Y.*, No. 01 Civ.2645 (PKC) (GWG), 2004 WL 213792, at *6 (S.D.N.Y. Feb. 5, 2004).  As outlined in the Excessive Force and Deliberate Indifference to Serious Medical Need sections, Plaintiff has not alleged he faced a

sufficiently serious risk of harm from the altercation with Sgt. Pacheco or from subsequent delay in medical care.  As such, he is unable to meet the objective prong.

Even if Plaintiff were to allege a sufficiently serious risk of harm, his failure to protect claim nonetheless fails under the subjective prong because he has not alleged that Defendants knew he faced "a substantial risk of serious harm and disregard[ed] that risk by failing to take reasonable measure[s] to abate it."  *Farmer*, 511 U.S. at 847 (internal citations omitted).  As such, "courts routinely deny deliberate indifference claims based upon surprise attacks."  *Parris v. DOCCS*, 947 F. Supp. 2d 354, 363 (S.D.N.Y. 2013).  Here, Plaintiff does not allege any prior history of altercations with Sgt. Pacheco that would place other officers on notice of any risk.  Additionally, Plaintiff has not alleged he warned anyone about such a risk.  Finally, because this was a surprise attack from Sgt. Pacheco, it would not be possible for a prison official to prevent the event or know beforehand that Plaintiff was at risk of substantial harm.  *Parris*, 947 F. Supp. 2d at 363.  Further, Plaintiff does not allege that any Defendant was complicit in the delay of medical treatment for Plaintiff's scratched gums.  Plaintiff, as such, has not stated a failure to protect claim.

III.   Qualified Immunity

Because Plaintiff has failed to allege any constitutional violation, the Court need not conduct a qualified immunity analysis at this juncture.  However, Plaintiff should be mindful that Defendants may be entitled to qualified immunity as long as their actions do not violate constitutional rights that were "clearly established" at the time of the incident.  *Pearson v. Callahan*, 555 U.S. 223, 231-32 (2009).

**CONCLUSION**

For the foregoing reasons, Defendants' motion to dismiss is GRANTED.  Plaintiff's claims are dismissed without prejudice and **Plaintiff is granted leave to file an Amended Complaint**

**on or before July 30, 2021**.  An amended complaint form is attached to this opinion.  If Plaintiff elects to file an Amended Complaint, then Defendants shall have until 30 days from the date of Plaintiff's filing to answer the Amended Complaint or seek leave to file a non-frivolous and non-repetitive motion to dismiss.  If no amended pleading is filed by July 30, 2021 and Plaintiff fails to move for an extension to that deadline, the claims dismissed herein without prejudice may be dismissed with prejudice and the action terminated without further notice.

The Clerk of Court is directed to terminate the motion at ECF No. 32, to mail a copy of this opinion to pro se Plaintiff on the address on ECF, and to show service on the docket.

Dated: June 9, 2021
       White Plains, NY

SO ORDERED:

HON. NELSON S. ROMAN
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

_____

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

_____CV_____

(Include case number if one has been assigned)

**AMENDED**
**COMPLAINT**
(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

---

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

Rev. 5/20/16

## I.      LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.     PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

First Name                    Middle Initial                    Last Name

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

Current Place of Detention

Institutional Address

County, City                                    State                              Zip Code

## III.    PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

Page 2

## IV.    DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

First Name                    Last Name                         Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                          State                  Zip Code

Defendant 2:

First Name                    Last Name                         Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                          State                  Zip Code

Defendant 3:

First Name                    Last Name                         Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                          State                  Zip Code

Defendant 4:

First Name                    Last Name                         Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                          State                  Zip Code

## V.     STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Prison Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

Date on which I am delivering this complaint to prison authorities for mailing: _____